IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## JAMES BOYD v. BILLY RILEY, ET AL.

**Appeal from the Circuit Court for Wayne County**
**No. 3544 and 3545     Stella Hargrove, Judge**

_____

**No. M2002-01384-COA-R3-CV - Filed December 19, 2003**

_____

This appeal, filed pro se, involves two separate law suits that were filed and pursued in the trial court without consolidation and heard without consolidation on appeal. One complaint alleges negligence, and the other complaint alleges malpractice. The trial court dismissed both actions, and we affirm the actions of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

James R. Boyd, Clifton, Tennessee, Pro Se.

Tom Anderson, Jackson, Tennessee, for the appellees, Billy Riley and John Crunk.

### MEMORANDUM OPINION[1]

On April 22, 1999, Appellant filed two separate law suits in the Circuit Court of Wayne County, Tennessee. The first Complaint alleged medical malpractice and named Robert Coble, John Crunk and 'Doctor Ray' as Defendants. The second case, alleging negligence, named Billy Riley and Correction Corporation of America as Defendants. Appellant is a prison inmate.

On June 22, 1999, Defendant John Crunk, who was not a medical doctor but who served as Health Administrator for the prison, filed a Tennessee Rule of Civil Procedure 12.02(6) Motion asserting failure to state a claim upon which relief could be granted. This Motion to Dismiss was

---

[1] Court of Appeals Rule 10(b):

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

granted by the trial court on January 27, 2000, and the malpractice action was dismissed as to John Crunk.

On April 12, 2001, Appellant filed an Amended Complaint Claim for Negligent Loss and Damage to Personal Property without obtaining leave of the court under Tennessee Rule of Civil Procedure 15. This Amended Complaint sought to join as Defendants Linda Rochelle, Assistant Warden, together with John Does 1 and 2 and the Corrections Corporation of America.

On April 23, 2001, Defendant Billy Riley, in the original negligence Complaint, filed a Rule 12.02(6) Motion to Dismiss for failure to state a claim upon which relief could be granted. On July 17, 2001, again without obtaining leave of the court pursuant to Rule 15, Appellant filed, in both the malpractice action and the negligence action, his Supplemental Complaint relative to his personal property. On August 31, 2001, the trial court granted the Motion to Dismiss filed by Billy Riley. Defendant Dr. Robert Coble also filed a Motion for Summary Judgment in the malpractice case which, on May 31, 2001, was granted by the trial court.

On February 28, 2002, the trial court entered the following order:

> In this cause, it appears to the Court that Plaintiff is not properly before the Court on any of his pending pleadings and motions and that same should be denied.
>
> More specifically, the Court finds that the original Complaint was filed herein on the 22nd day of April, 1999, naming Robert Coble, John Crunk and Doctor Ray as Defendants. Motion for Summary Judgment as to Robert Coble was granted and entered on May 31, 2001. A copy of the Order was certified to Plaintiff on May 31, 2001. Motion to dismiss as to John Crunk was granted and entered January 27, 2000. A copy of the Order was certified to Plaintiff. Doctor Ray was never served, and no alias service of process has issued beyond the first failed service on May 18, 1999.
>
> Plaintiff filed his Motion for Leave to Amend Response in Opposition to Summary Judgment as to Defendant, Robert Coble, on the 4th day of December, 2001. The Court dismisses Plaintiff's Motion as not being timely filed.
>
> On April 12, 2001, Plaintiff filed an Amended Complaint in this case and in another case, Circuit Court Case No. 3544, naming Linda Rochelle, John Does 1 and 2 and Corrections Corporation of America as new Defendants. This Amended Complaint was filed without leave of the Court and alleges new and different losses and damages arising after the allegations originally alleged in this case. The Court dismisses same action pursuant to Rule 15 of Rules of Civil Procedure and also dismisses Plaintiff's Motion for Default Judgment as to these new Defendants.

Appellant filed a Motion for New Trial which, on April 25, 2002, was denied by the trial court, and Appellant filed his Notice of Appeal.

The record on appeal reflects that "Doctor Ray" was, indeed, never served with process, and that no alias process ever issued. He has, therefore, never been before the court. Further, neither the Amended Complaint or the Supplemental Complaint were filed by leave of the court and the trial court dismissed them for that reason. A more pressing reason exists for dismissal.

By the inmate affidavit filed by James Boyd on April 19, 1999, a previous case in the United States District Court for the Middle District of Tennessee alleging failure to provide medical care and failure to timely pay for work was dismissed as frivolous in 1998. On a single affidavit of indigency he now files case number 3544 charging Billy Riley and Corrections Corporation of America with negligence because he bit down on a foreign substance in a hamburger. In case number 3545 he charges Robert Coble, John Crunk and Doctor Ray with medical malpractice. He then proposes by amendment to join Linda Rochelle, John Doe 1, John Doe 2 and Corrections Corporation of America in a separate charge of negligence for alleged loss of certain personal property. By proposed supplemental complaint allegedly in case numbers 3544 and 3545 he claims he was denied a liberty interest because he was nsot allowed to have a large stereo system. Each of these separate claims are in fact separate claims under Tennessee Code Annotated section 41-21-801, et seq. The purpose of these sections of the Code are to prevent the very type of abuse of court processes evidenced by these actions. Tennessee Code Annotated section 41-21-807 provides in part: "With the filing of each claim, the inmate shall file a current certified copy of the inmate's trust account statement with the court." By the same statute, if a claim is frivolous the court shall order the inmate to pay filing fees, court costs and other related expenses as to such claim. To use the amendment process in civil actions to allow totally unrelated claims, both as to allegations and as to defendants, to circumvent the requirements of Title 41 Chapter 21 Tennessee Code Annotated cannot be allowed.

The record reveals that, as to the Defendant Dr. Robert Coble, his Motion for Summary Judgment was granted on May 31, 2001, and in such Order the trial court, pursuant to Tennessee Rule of Civil Procedure 54.02, expressly determined that there was no just cause for delay in entering a Final Order as to this Defendant. The Order was designated as final pursuant to the Rule. This action was buttressed by a separate Order entered November 29, 2001, which reiterated the finality of the Order pursuant to Rule 54.02. Notice of Appeal was not filed until May 6, 2002. Thus, as to Defendant Doctor Robert Coble, appeal was not timely filed.

As to all of the Defendants, both of the claims that are before the Court are frivolous. In the malpractice complaint, Appellant asserts that Drs. Coble and Ray are licensed medical doctors and that John Crunk is a registered nurse and Director of Health Services at South Central Correctional Facility. He complains of high cholesterol, skin problems, failure of Dr. Coble to refer him to a dermatologist and improper discontinuance of medication. However, Appellant never purports to offer competent evidence establishing the applicable standard of care for any Defendant or establishing any deviation from such standard of care.

Tennessee Code Annotated section 29-26-115 (2000) provides in pertinent part:

(a)  In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):

(1)  The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the claimant practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2)  That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3)  As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

(b)  No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred.  This rule shall apply to expert witnesses testifying for the defendant as rebutal witnesses.  The court may waive this subsection when it determines that the appropriate witnesses otherwise would not be available.

(c)  In a malpractice action as described in subsection (a), there shall be no presumption of negligence on the part of the defendant; . . . .

Plaintiffs have the burden of proving by expert testimony:  (1) the standard of care; (2) defendant's deviated from that standard, and (3) plaintiff's injuries, which would not otherwise have occurred except as a proximate result of the defendant's negligent act or omission.  *Dolan v. Cunningham*, 648 S.W.2d 652 (Tenn. Ct. App. 1982); *Parker v. Vanderbilt University*, 767 S.W.2d 412 (Tenn. Ct. App. 1988).  No such evidence was presented.

In the negligence case, Plaintiff simply asserted that he bit down on a hamburger containing a piece of hard plastic.  No where does he allege that Defendant, Billy Riley, or anyone else had prior knowledge of this piece of plastic in the hamburger or that Riley was actually responsible for the preparation of the food.  "The Tennessee Rules of Civil Procedure, while simplifying and liberalizing pleading, do not relieve the plaintiff in a tort action of the burden of averring facts sufficient to show the existence of a duty owed by the defendant, a breach of the duty, and damages resulting therefrom."  *Swallows v. Western Elec. Co., Inc.*, 543 S.W.2d 581, 583 (Tenn. 1976).  In order for the allegations of the negligence Complaint to be sufficient to state a cause of action in this case, Defendants would have to be insurers and not tort feasors.

The judgment of the trial court is in all respects affirmed, and the cases remanded for such further action as may be necessary under Tennessee Code Annotated section 41-21-801, et seq.  Costs are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE